UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

AJAI BHATIA,                         :
                                     :
        Plaintiff,                   :
                                     :
        v.                           :          CASE NO. 3:04CV1484(RNC)
                                     :
PITNEY BOWES, INC.,                  :
                                     :
        Defendant.                   :


RECOMMENDED RULING ON DEFENDANT'S MOTION TO DISMISS
AND FOR SANCTIONS

In September 2004, the plaintiff, Ajai Bhatia, commenced this action against his former employer, Pitney Bowes.  The plaintiff alleges that the defendant terminated his employment by reason of his race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.  Pending before the court is the defendant's motion to dismiss and for sanctions. (Doc. #43.)  On June 29, 2006, the court heard oral argument.  For the reasons set forth below, the court recommends that the defendant's motion be granted.[1]

I.   Factual Background

The following facts are undisputed.  The defendant noticed the plaintiff's deposition on October 21, 2005 to be conducted on November 21, 2005 at defense counsel's office in Stamford,

_____

[1]Chief Judge Robert N. Chatigny referred the motion to the undersigned for a recommended ruling pursuant to 28 U.S.C. § 636(b)(1)(B).  (Doc. #45.)

Connecticut.  Plaintiff's counsel objected on the ground that the plaintiff was indigent and had no means of transportation to get to Stamford.  On October 28, 2005, plaintiff's counsel filed a motion requesting "that a protective order be issued precluding the defendant from deposing [the plaintiff] at any location other than Middletown, Connecticut, unless the defendant provides him at its expense with transportation to such other location." (Doc. #28.) In response, the defendant offered to provide the plaintiff with transportation to and from the deposition and arranged for a car from Prime Time Limousine to pick up the plaintiff.  In light of the defendant's agreement to provide transportation, plaintiff's counsel withdrew the motion for protective order.  (Doc. #30.)  On November 21, 2005, the day of the deposition, a car from Prime Time Limousine went to the  plaintiff's residence.  The driver knocked on the plaintiff's door but the plaintiff did not answer.  The driver waited and then contacted defense counsel who in turn contacted plaintiff's counsel.  Plaintiff's counsel confirmed that the plaintiff had been notified both of his deposition and of the arrangements that the defendant had made to transport him to the deposition.  Plaintiff's counsel attempted to contact his client but was unable to reach him.  The deposition did not go forward.

Thereafter, on December 5, 2005, the defendant filed a motion to compel and for sanctions.  (Doc. #32.)  The defendant sought: (1) an order compelling the plaintiff to appear for his deposition

and at his own expense; (2) an order that the plaintiff pay the defendant the fees it incurred from the videographer, court reporter and car service as well as a reasonable attorney's fee incurred as a result of the plaintiff's failure to appear for his deposition and (3) an award of the costs incurred in making the motion.

On January 9, 2006, the court issued an order granting the defendant's motion to compel the plaintiff to appear for his deposition. (Doc. #37.)  The order stated, in relevant part, that "[t]he deposition shall be taken by February 13, 2006.  The plaintiff will provide his own transportation.  Discovery shall be completed by March 13, 2006."  The court denied the defendant's request for a monetary sanctions without prejudice to application at the conclusion of the case.

On January 13, 2006, the defendant noticed the plaintiff's deposition to be held on January 24, 2006 at the office of defense counsel. (Doc. #44, ex. 4.)  Defense counsel mailed the notice of deposition to both plaintiff's counsel and the plaintiff.  In addition, defense counsel emailed the notice to both individuals. (Doc. #44, ex. 5.)  On January 18, 2006, defense counsel sent an email to both the plaintiff's counsel and the plaintiff reminding them of the deposition scheduled for January 24, 2006. (Doc. #44, ex. 6.)  On January 24, 2006, plaintiff's counsel appeared for the plaintiff's deposition.  The plaintiff, however, neither appeared

for his deposition nor notified anyone that he would not attend.
The defendant again incurred court reporter fees.  This motion
followed.

II.  <u>Discussion</u>

The defendant moves to dismiss the plaintiff's case for
failure to appear at his deposition pursuant to Fed. R. Civ. P.
37(d).

Rule 37(d) provides in relevant part that "[i]f a party . . .
fails (1) to appear before the officer who is to take the
deposition, after being served with proper notice . . . the court
in which the action is pending on motion may make such orders in
regard to the failure as are just, and . . . may take any action
authorized under subparagraph[] . . . (C) of subdivision (b)(2) of
this rule."  Rule 37(b)(2)(C), in turn, contains a list of
sanctions, including dismissal, that may be imposed.  Fed. R. Civ.
P. 37(b)(2)(C).

"A district court has wide discretion in imposing sanctions,
including severe sanctions, under Rule 37(b)(2) . . . ." <u>Daval
Steel Prods. v. M/V Fakredine</u>, 951 F.2d 1357, 1365 (2d Cir. 1991);
<u>see</u> <u>John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.</u>, 845
F.2d 1172, 1176 (2d Cir. 1988).  "[D]ismissal with prejudice is a
harsh remedy to be used only in extreme situations . . . and then
only when a court finds 'willfulness, bad faith, or any fault' on
the part of the prospective deponent."  <u>Bobal v. Rensselaer</u>

4

Polytechnic Institute, 916 F.2d 759, 764 (2d Cir. 1990) (citation omitted).  See also Baba v. Japan Travel Bureau Int'l, Inc., 111 F.3d 2, 5 (2d Cir. 1997) ("This Court does not hesitate to affirm the dismissal of claims as a sanction for 'willfulness, bad faith, or any fault' on the part of the sanctioned party.")  The sanction of dismissal "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976) (per curiam); see also Jones v. Niagara Frontier Transportation Authority, 836 F.2d 731, 735 (2d Cir. 1987) ("courts should not shrink from imposing harsh sanctions where . . . they are clearly warranted").

The plaintiff not only failed to attend his deposition scheduled for November 21, 2005 -- despite a defense paid limo service waiting at his front door -- but also failed to attend a second deposition ordered by the court.  The plaintiff's failure to attend the November 21, 2005 deposition and his non-compliance with the court's order to appear at his second scheduled deposition is willful.  Both the plaintiff's attorney and the defense attorney provided notice of the depositions to the plaintiff.  The plaintiff had actual notice of his deposition on both occasions and he nonetheless failed to appear. (Tr. 6/29/06 at 12.)  The sanction

of dismissal is justified in light of the plaintiff's noncompliance with his discovery obligations and with the court's order.  See Fed. R. Civ. P. 37(d).  See, e.g., Shaikh v. Grant, et al., 00 CV 5844 (JG)(RML), 2003 WL 22469917 (E.D.N.Y. Sept. 29, 2003) (dismissing case where plaintiff failed to attend deposition); Blauinsel Stiftung v. Sumitomo Corp., No. 99 CIV 1108, 2001 WL 1602118, at *7 (S.D.N.Y. Dec. 14, 2001) ("Rule 37(d) makes it explicit that a party properly served has an absolute duty to respond, that is, to present himself for the taking of his deposition . . . and that the court in which the action is pending may enforce this duty by imposing sanctions for its violation"); Jeanette Coquette Co., Inc. v. Hartford Fire Ins. Co., 93 CIV 4417 (DAB), 1997 WL 527874, *2 (S.D.N.Y. Aug. 22, 1997) (granting defendant's motion to dismiss pursuant to Rule 37(d) where plaintiff failed to attend noticed deposition).

In addition to dismissal, the defendant seeks monetary sanctions.  In light of the entire record before the court, including the dismissal, this request should be denied.

III. Conclusion

For these reasons, the court recommends that the defendant's motion to dismiss (doc. #43-1) be granted and the defendant's motion for sanctions (doc. #43-2) be denied.

Any party may object to this recommended ruling within ten days after being served with the report and recommendation.

6

"[F]ailure to timely object to a magistrate judge's report within ten (10) days will preclude appellate review." <u>Small v. Sec'y of Health and Human Serv.</u>, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam). <u>See</u> 28 U.S.C. § 636(b)(1) and rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; Rule 72.2 of the Local Rules for United States Magistrates, United States District Court for the District of Connecticut. <u>See</u> <u>United States v. Male Juvenile</u>, 121 F.3d 34, 38 (2d Cir. 1997); <u>Frank v. Johnson</u>, 968 F.2d 298, 300 (2d Cir. 1992).

Dated at Hartford, Connecticut this 4th day of August, 2006.


_____/s/_____
Donna F. Martinez
United States Magistrate Judge