```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT
                                  :
AJAI BHATIA,                      :
                                  :
     Plaintiff,                   :
                                  :
V.                                :   CASE NO. 3:04-CV-1484 (RNC)
                                  :
PITNEY BOWES, INC.,               :
                                  :
     Defendant.                   :
```

## RULING AND ORDER

The Magistrate Judge's recommended ruling [Doc. #53] granting the defendant's motion to dismiss the case as a sanction for plaintiff's repeated failure to appear for his own deposition is hereby approved and adopted.

When this court is called on to dismiss a case as a sanction, the Second Circuit requires that a number of factors be carefully considered. See <u>Alvarez v. Simmons Mkt. Research Bureau, Inc.</u>, 839 F.2d 930, 932 (2d Cir. 1988). No single factor is dispositive. See <u>Nita v. Connecticut Dept. of Envtl. Protection</u>, 16 F.3d 482, 485 (2d Cir. 1994). However, dismissal may well be appropriate if a party has acted willfully. See <u>Baba v. Japan Travel Bureau Int'l, Inc.</u>, 111 F.3d 2, 5 (2d. Cir. 1997).

Viewing the record in light of the <u>Alvarez</u> factors, I concur in the Magistrate Judge's conclusion that dismissal is warranted as a sanction for the plaintiff's wholly unjustified conduct,

which has stalled the case for a long time and caused the defendant to incur considerable unnecessary expense.

Plaintiff's counsel has objected to the recommended ruling on the ground that the plaintiff is indigent and thus had no way of getting to the office of defendant's counsel as ordered by the court.  If the plaintiff had no means of complying with the order, he should have sought reconsideration.  More importantly, there is no indication that the plaintiff made any effort to comply with the order, for example, by asking his counsel for help getting to the deposition (as clients have been known to do).

Plaintiff's counsel also asserts that dismissal is an overreaction to the plaintiff's failure to appear for his deposition as ordered by the court.  Dismissal is a harsh remedy.  On the present record, however, it is fair to conclude that the plaintiff simply flouted the court's order knowing it would cause the defendant to incur yet more unnecessary fees and expenses, which he would not have to pay because he is indigent.  Such flagrant abuse invites dismissal.[1]

Plaintiff's counsel urges that a lesser sanction could be relied on to ensure plaintiff's compliance with court orders in

---

[1] The record does not reflect that the plaintiff was explicitly warned that failure to appear as ordered would result in dismissal.  In the circumstances, however, he should have realized he would put his case at risk if he failed to comply with the court's order without just cause.

2

the future but does not suggest what that sanction might be.  I can think of no alternative that would be less drastic yet still effective.  An order precluding the plaintiff from testifying at trial would be tantamount to a dismissal.  Monetary sanctions cannot be relied on because the plaintiff is indigent.

If the plaintiff is serious about prosecuting this case, he may move to reopen it.  Any such motion must be supported by one or more affidavits demonstrating (1) that he made a good faith effort to appear at his deposition as ordered by the court but was unexpectedly prevented from doing so for reasons beyond his control; (2) that he will not fail to appear for his deposition at the office of defendant's counsel in the event the case is reopened; and (3) that the interests of justice would be served by giving him another opportunity to prosecute the case.  To be timely, any such motion must be filed and served on or before October 16, 2006.

Accordingly, the case is hereby dismissed.  The Clerk may close the file.

So ordered this 14th day of September 2006.

```
            _____/s/_____
                 Robert N. Chatigny
              United States District Judge
```